# SUPREME COURT.

JOHN EMMONS, appellant, agt. THE NEW-YORK AND ERIE RAILROAD CO., respondents.

Where the attorneys of the respective parties, by a stipulation fairly entered into, agree that the costs of a term or circuit, at which the cause is noticed, shall abide t e final event of the action, the *agreement* should be enforced, without limit to *three* calendar fees.

*Monroe General Term, Dec.,* 1858.
WELLES, SMITH *and* JOHNSON, *Justices.*
APPEAL from order directing readjustment of costs. Issue

Emmons agt. New-York and Erie Railroad Co.

of fact was joined in October, 1855, which was duly noticed for trial for the circuit held in Steuben county, where the venue was laid in November of the same year, but was not reached upon the calendar. The cause was also duly noticed for trial for the circuit held in said county in May, 1856, but was put over that circuit, the defendant stipulating that the calendar fee of that circuit should abide the event. The cause was again duly noticed for the circuit held in November, 1856, and not reached on the calendar of that circuit. It was also noticed for the circuit held in January, 1857, at which circuit the trial was put over on the defendants' stipulation that the calendar fee abide the event, and the same occurred with respect to the March circuit in said county, 1857.

The plaintiff obtained judgment in November, 1857, and on the 30th day of that month the clerk of Steuben county taxed or adjusted the plaintiff's costs at $132.99. The bill of costs so taxed included calendar fees of $10 for each of the above five circuits. The cause was necessarily on the calendar at each of said circuits, upon the plaintiff's notice. The defendants also noticed the cause for trial at each of said terms, excepting that of November, 1855.

The defendants' counsel objected before the clerk to the allowance of more than three calendar fees, and that two of those should be deducted, on the ground that the defendant had paid the costs of putting the trial over two circuits, not charged in the bill of costs. But the clerk overruled both objections, and allowed for the whole five terms, as charged.

The court at special term ordered the costs retaxed, by striking out of the taxed bill two circuit or term fees of ten dollars each.

This is an appeal from that order.

GEO. B. BRADLEY, *for appellant.*
S. MATHEWS, *for respondents.*

By the court—WELLES, Justice. At the time the plaintiff obtained judgment, he was restricted to three calendar fees.

(*Code as amended in* 1857, § 307.) But I apprehend it was not the design of the legislature to control the parties in any agreement they might make upon the subject, provided there was no reason to suspect collusion between the parties. If an agreement or stipulation is fairly entered into by the attorneys, that the costs of a term shall abide the final event, I perceive no reason why it should not be enforced. The evil, existing at which the amendment limiting the prevailing party to three calendar fees, I apprehend, was a practice alleged to exist in some places of putting causes on the calendar, term after term, for a long time, without any hope of their being reached, and with no other imaginable motive but to enhance the costs, and without making any preparation for the trial.

There has not been, that I am aware of, any adjudication in this court upon the precise question involved; and as it appears to me that the amendment of the Code in 1857 was not intended to affect a case where the parties had stipulated on the subject, and as there is no evidence or allegation of any fraud or collusion between them, I am of the opinion that the plaintiff should be permitted to tax the five calendar fees.

The order appealed from should be reversed.