## CLASON et al. *vs.* SHEPHERD et al.

### APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard June 30, 1859.]                    [Decided January 4, 1860.

### *Mortgage—Foreclosure.*

Where the owner of a first mortgage, who had been made a party defendant in an action to foreclose a second mortgage, and charged as a subsequent incumbrancer, and an order *pro confesso* taken against him, entered into a written stipulation with the plaintiff, to allow the latter to go on and sell under his decree, without prejudice to his right, and that he might file his answer and present his defense, as though no order *pro confesso* had been entered against him; and such defense is found in his favor: Held that the plaintiff has thereby waived all right to insist upon the decree and sale as a bar to his prior claim.

The agreements of parties litigant will be carried out by the court, even though it do cause irregularity in the form of entering the judgment in the cause.

Though a party to a foreclosure suit, holding a prior mortgage, stipulate that a sufficient sum of money to satisfy his claim be considered as in court, and that the plaintiff may go on and sell the premises, such a stipulation does not debar the prior mortgagee of his right to proceed to judgment, nor release his lien upon the mortgaged premises.

After this case was remanded to the circuit court, according to the order made and reported in 6 Wis., *369*, where the facts are fully stated, it was referred to the clerk of the court to ascertain the amount due on the bond and mortgage to the defendant Lyness. After which the court entered a judgment based upon the stipulation to allow the plaintiffs to enter their judgment *pro confesso*, and then to allow the defendant to contest his right to priority as a mortgagor, that the mortgaged premises be sold to pay off the mortgage to Lyness. From that judgment the plaintiffs appealed.

*Lakin & Steever*, for the appellants.

*J. H. Paine & Son*, for the respondent.

By the Court, DIXON, C. J. We agree entirely with the appellant's counsel when he says this is truly an anomalous

case; but cannot concur with him in saying that the judgment of the circuit court must be reversed, for the sake of preserving order and regularity in legal proceedings. If the case was likely to become a precedent for future ones, we might be disposed to give more weight to that branch of his argument; but we do not think it is. It is out of the ordinary course of legal proceedings, and hence any arguments to be drawn from thence, are very unsafe and inconclusive. The question is not whether according to the usual mode of proceedings two or three judgments may be entered in the same action for or against the different parties; but whether according to the stipulations and conduct of the parties before the court, such judgments are warranted in this action. We think they are, and that the judgment appealed from must be permitted to stand.

The purpose of the parties to leave Lyness in full possession of all his rights, under his mortgage, notwithstanding the rule, under the first decree, in case he should be adjudged to have a prior lien, fully appears from the first clause of the stipulation, which provided that the appellants might go on and sell under their decree, " without prejudice, and that the defendant Lyness might file his answer and prosecute his defense, as though no order *pro confesso* had been entered against him." What language more expressive than this for the purpose of saving to Lyness all his rights, notwithstanding the decree and sale, could have been used? And in what way could the appellants have more effectually waived all right to insist upon the decree and sale as a bar to his claims? We confess our inability to see how such an agreement could have been more plainly and unequivocally expressed. Although the first decree purports on its face to be an absolute bar to the rights of Lyness, yet no one can doubt that the appellants could have waived their rights, under it, and consented that it might be *pro tanto* opened,

without having it absolutely set aside or vacated, particularly by a stipulation in the action, which is attached to, and becomes a part of the judgment roll. Decrees and judgments are not of so high and absolute a nature that the parties interested may not vary or release their rights under them, and if they do so by proper instruments, it is not for courts to say that the agreements shall not be carried into effect, or abided by, because it may disturb the "peace and harmony" of the record. The rights of the parties are not to be overlooked or disregarded, to subserve any such trifling purpose. If the parties see fit so to conduct their litigation that it requires two or three judgments, in the same action, to carry out their agreements made with the consent of the court, and to meet the ends of justice between them, we can see no reason why either should be permitted to set up the irregularity of the proceedings to which he was a party, for the purpose of cutting off or defeating the rights of the other Their agreements, unless illegal, or contrary to public policy, is the law by which their rights are to be measured and determined.

Because, in the latter part of the stipulation it is stated that a sufficient sum of money to satisfy the claim of Lyness, in case the court decided in favor of the priority of the lien of his mortgage was to be considered in court, and because the defendants covenanted to hold themselves responsible for all moneys adjudged to him in the cause, it is contended that he is not entitled to proceed by judgment of foreclosure and sale to satisfy it. The reason urged is, that the stipulation shows that he relied on the covenants and personal responsibility of the appellants, as a security for the payment of his debt, in case he finally succeeded in the action. This position is untenable, because by such construction of the stipulation the first clause is deprived of all force and efficacy, and is wholly annulled. The agreement is to

be so interpreted as to give effect to all its parts. Although he relied upon the personal responsibility of the appellants, did he rely upon that alone? Clearly not. He rested as well on his right to proceed to the judgment and sale given by the first clause.

The objection that the answer does not ask the relief granted, is purely technical. The prayer lays a substantial foundation for such relief. The facts disclosed by the record are not such as to induce us to draw any nice distinctions for the sake of sustaining the appellants in the course which they have pursued in this case.

The judgment of the circuit court is affirmed with costs.

PAINE, J., took no part in the decision of this case, having been of counsel.