See note to this case in 30 N. W. Rep. 850.— REP.

67 455
69 361

BLOMBERG, Respondent, vs. STEWART and another, Trustees, etc., Appellants.

*November 26 — December 14, 1886.*

*(1) Railroads: Fences: Injury to animals: Pleading. (2, 3) Costs: Failure to perfect judgment in sixty days: Waiver: Motion to correct judgment.*

1. A complaint alleging that without fault of the plaintiff, and by reason of the defendants' failure to fence their railroad track, his horse strayed upon such track and was killed by a passing train through the negligence of defendants' servants; that the railroad had been operated through the town in which the horse was killed more than three months before such killing, and that the same did not occur upon a highway crossing or depot grounds, is *held* sufficient, although it does not expressly state that the horse got upon the track at a point where the defendants were bound to maintain a fence and had neglected to do so.

Blomberg vs. Stewart and another, Trustees, etc.

2. A stipulation that either party may move for judgment at any general or special term upon the special verdict rendered, and that no advantage shall be taken by the other for the reason that the moving for judgment was postponed, is a waiver of the limitation of ch. 202, Laws of 1882, and the successful party is entitled to costs although his judgment is not perfected within sixty days after verdict.

3. Where costs are taxed in favor of the successful party and inserted in the judgment contrary to ch. 202, Laws of 1882, the other party should move the trial court to correct the judgment before appealing to this court.

APPEAL from the Circuit Court for *Price* County.

The case is stated in the opinion.

For the appellants the cause was submitted on the brief of *Howard Morris*. He contended, *inter alia*, that the complaint fails to show that the lack of fences was the proximate cause of the injury. It should have alleged that the horse got upon the track at a point where the defendants were bound to maintain a fence and had neglected to do so. The horse might have got upon the track at depot grounds or a highway crossing and strayed along the track to the point where it was killed.

*J. K. Parish*, for the respondent.

LYON, J. This is an action to recover the value of a horse belonging to the plaintiff, which was run over and killed by a locomotive and train of cars on the Wisconsin Central Railroad, said railroad being operated by the defendants as trustees. The plaintiff recovered in the court of a justice of the peace before whom the action was brought, and, on appeal, in the circuit court also. The defendants appeal to this court from a judgment against them for $100 damages and costs of suit. There is a special verdict, but no bill of exceptions.

The errors assigned are: (1) The complaint is insufficient; (2) the special verdict does not support the judgment; and

(3) the right of the plaintiff to costs was lost by delay in taxing the same.

1. The complaint alleges that without the fault of the plaintiff, and by reason of the failure of the defendants to fence their railroad track, his horse strayed upon such track, and was run over and killed by a passing locomotive and train of cars through the negligence and carelessness of the defendants' servants; also that the railroad had been operated through the town in which the horse was killed more than three months before such killing, and the same did not occur upon a highway crossing or depot grounds.

Giving to the complaint the liberal construction which it ought to receive when the objection to its sufficiency is made for the first time in this court, we have no difficulty in finding a cause of action stated therein. It sufficiently alleges the obligation of the defendants to fence the track, their failure to do so, and the loss of the horse because of such failure. This is all that is required. Sec. 1810, R. S., as amended by ch. 193, Laws of 1881. See, also, *Schrier v. M., L. S. & W. R. Co.* 65 Wis. 457.

2. The special verdict finds the above allegations to be true, and negatives any want of reasonable care and prudence on the part of the plaintiff contributing to the death of the horse. These findings support the judgment for the plaintiff.

3. The special verdict was rendered January 31, 1884; the judgment was entered July 15 of the same year; and the costs were not taxed until November, 1885. It is maintained that the taxation was too late, under Laws of 1882, ch. 202, and the plaintiff has lost his right to costs by the delay. Did the record disclose nothing further, the point would seem to be well taken. But it is recited in the judgment that the parties stipulated and agreed in writing " that either party might move for judgment at any general or special term of said court, upon the verdict rendered herein,

Blomberg vs. Stewart and another, Trustees, etc.

and that no advantage should be taken by the other for the reason that the moving for judgment was postponed." Until such motion was made and determined it was not known which party would have judgment on the special verdict. Hence, until that time, it remained undetermined which was the "successful party," against whom the limitation of ch. 202 is directed. That limitation is in favor of the defeated party. It requires the judgment against him to be perfected within sixty days after verdict, to the end that he shall not be longer delayed in taking his appeal. This is manifest when it is considered that the statute was undoubtedly enacted to supply a defect in then existing laws, pointed out in *Ballou v. C. & N. W. R. Co.* 53 Wis. 150. See, also, *Hoye v. C. & N. W. R. Co.* 65 Wis. 243.

Ch. 202, Laws of 1882, having been enacted for the benefit of the defeated party, he may effectually waive the benefit of the limitation in his favor therein contained. We think the defendant has done so in the present case. Because of the stipulation above mentioned, to which it is a party, there could not have been any taxation of costs until long after the sixty days limitation had expired. This must necessarily operate as a waiver of the limitation by each party, thus taking the case out of the statute. We think the plaintiff is entitled to costs, notwithstanding the delay of taxation.

In a case within ch. 202, Laws of 1882, should the clerk improperly tax costs to the successful party and insert the amount thereof in the judgment, we think the other party should move the trial court to correct the judgment before appealing to this court. This motion may be effectually made in such a case, though no objection to the taxation was made to the taxing officer. *Kirst v. Wells*, 47 Wis. 56.

*By the Court.*— The judgment of the circuit court is affirmed.