HANNAH SLAVEN, RESPONDENT, *v* EDWARD B. GERMAIN, APPELLANT, IMPLEADED WITH OTHERS, DEFENDANTS.

*Civil Damage Act — a stipulation to abide the event of another suit made in open court — evidence of damages.*

In an action brought by Hannah Slaven, under the Civil Damage Act, against Edward B. Germain and others, to recover for the loss sustained by the plaintiff by reason of the death of her husband, the case having been reached and moved for trial at the circuit, the defendants' attorney was absent and his representative in open court entered into a stipulation, which was entered in the minutes, that the case be put over the term; that it should abide the event of an

action brought by one Anna B. Hall against the same defendants, then pending at the General Term; that if that case was decided in favor of Anna B. Hall all questions of law and fact in the present case should be thereby decided in favor of this plaintiff, except the question of damages.

*Held*, that the stipulation, in the absence of any proof of fraud or mistake, must be enforced.

The case of Anna B. Hall was decided in her favor, and when the present case was tried the defendants offered to show that several weeks before his death the plaintiff's husband fell off a canal bridge, a distance of some twelve feet; that he was taken up unconscious, with blood running from his nose and ears, and that after that he was unable to do much of any work.

This evidence was excluded.

*Held*, that its exclusion was improper.

That, as under the stipulation the question of damages was reserved, the evidence was properly offered to show a reduced capacity in the husband for labor and a probable abbreviation of life, and, therefore, bore directly upon the question of damages.

APPEAL by the defendant Edward B. Germain from a judgment of the Supreme Court, in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 27th day of June, 1891, upon a verdict for the plaintiff for $3,500, after a trial at the Monroe Circuit before the court and a jury; and also from an order, entered in said clerk's office on the 22d day of July, 1891, denying a motion for a new trial made upon the minutes of the court; and also from an order, entered in said clerk's office, December 18, 1891, denying a motion to vacate the judgment and for a new trial, and to set aside a stipulation of March 25, 1890.

*J. A. Stull*, for the appellant.

*G. P. Decker*, for the respondent.

DWIGHT, P. J.:

The action was to recover, under the Civil Damage Act, for the loss sustained by the plaintiff in the death of her husband. The cause was pending, at issue, and on the calendar of the Monroe Circuit, held in March, 1890. Mr. J. A. Stull, the attorney of record for the defendant, being necessarily absent from the circuit, the defendant was represented by Mr. H. J. Thomas, as counsel. The cause being reached and moved for trial by counsel for the plaintiff, Mr. Thomas moved to put it over the term on the ground of Mr. Stull's absence and his (Thomas') ill health and want of preparation to conduct the

trial, and the application was granted upon the tender by Mr. Thomas of a stipulation which was then made in open court. The fact of the stipulation and of the postponement of the trial was entered in the minutes of the clerk, as follows:

"This cause, having been moved by the plaintiff's attorney, was ordered for trial. On stipulation it was ordered over the term, to abide the result of the case of Anna B. Hall vs. the same defendants now pending in the General Term."

Mr. Justice ADAMS, who held the circuit, made the following entry in his minutes: "Cause moved to trial and stipulated by counsel in open court that the issues in this case, except the question of damage, abide the result of the action of Anna B. Hall vs. same defendants, now pending in General Term."

And Mr. Osgoodby, the official stenographer of the court, entered the stipulation at large in his minutes, as follows:

"It was stipulated in open court, that the issues in this case, except the question of damages, abide the result of the action of Anna B. Hall against the same defendants now pending in the General Term, and that in case that action should result in favor of the plaintiff, all the questions of fact and law in this case are thereby decided in favor of the plaintiff in this action, except the question of damages; and that in case the General Term should reverse the judgment in that case and send the case back for a new trial, this stipulation should be of no effect."

There is no real discrepancy in these several entries. That of the clerk merely notes that the stipulation was made; that of the judge states its substance; and that of the stenographer records it in full, in the terms in which it was framed by consent of counsel on both sides. The Special Term was entirely justified by the proofs in deciding that the stipulation was, in fact, made as recorded in the minutes of the stenographer, and verified by him. Such being the stipulation, no ground of fraud, surprise or mistake is shown or suggested why the defendant should be relieved from its operation and effect. . He was represented by counsel of his own choice; he asked for the favor of a postponement of the trial, and volunteered the stipulation as a condition of its being granted. The consideration for the stipulation had been fully rendered, and, in one respect at least, the plaintiff could not be restored to the same position as

when the stipulation was accepted; her chosen counsel — earnest, zealous, full of resources and fully prepared to try her cause — had died since the postponement of the trial. But, on general principles, such stipulations — which should not be lightly made — when they are made without fraud, deceit or mistake, must be enforced. The order refusing to set aside the stipulation in this case must be affirmed.

In April, 1891, the decision of the General Term was rendered in the case of *Hall* v. *Germain*, affirming the judgment in favor of the plaintiff therein, and at the next circuit thereafter, in June, 1891, this cause was brought to trial and was tried under the stipulation above mentioned. The trial was thus necessarily in the nature of an assessment of damages. All the questions of fact and law bearing upon the liability of the defendant were held to be determined in favor of the plaintiff, and the only question open to be litigated was the extent of the pecuniary loss sustained by her in the death of her husband. Of this question, one important element was the earning capacity of the deceased at a time immediately preceding the intoxication from which his death resulted, and another was the then probable duration of his life; and both were, in large measure, dependent upon his then existing condition of physical health or disease. It was, therefore, plainly competent for the defendant, even under the restrictions of the stipulation, to give evidence tending to show, not any immediate cause of death other than the intoxication complained of, but any other cause, either of probable incapacity for labor or of probable shortness of life. This rule, we think, was clearly violated by one or more of the rulings of the court. Thus, counsel for the defendant offered to show by two witnesses who were on the stand, that four or five weeks before his death, the plaintiff's husband fell off from a canal bridge, a distance of some twelve feet, striking on the back of his head and shoulders, and that he was taken up unconscious, with blood running from his nose and ears; and that after that time he was unable to do any work, or much of any work; and, in connection with that evidence, to show what was the extent of the injuries received by that fall. This evidence was excluded on the objection of the plaintiff, and the defendant excepted.

We think this exception was well taken. The evidence certainly

tended to show a reduced capacity for labor, and a probable abbreviation of life; and was thus, in two respects, competent on the question of the damages sustained by the plaintiff.

For this reason the judgment and order denying the motion for a new trial should be reversed and a new trial granted.

Macomber and Lewis, JJ., concurred.

Order denying defendant's motion to set aside defendant's stipulation affirmed; judgment and order denying motion for a new trial reversed and a new trial granted, with costs to abide the event.