# CHARLESTON.

SOUTH BRANCH RY. CO. *v.* LONG'S ADM'R.

Submitted February 3, 1897—Decided March 17, 1897.

1. WITNESS—*Competency of Witness.*
    A witness may be competent to testify concerning some of the facts in issue, though incompetent as to others.  (p. 133.)

2. WITNESS—*Competency of Witness—Transactions with Decedent.*
    A party to an action, or interested therein, may testify to any fact which is material in evidence, and does not involve a personal transaction or communication with the opposite party, notwithstanding the death or insanity of the latter. (p. 133.)

3. CORPORATIONS—*Stockholders—Evidence—Stock Book.*
    Where the name of an individual appears upon the stock book of a corporation as a stockholder, the presumption is that he is the owner of the stock appearing in his name; and such book is proper evidence to go to the jury to show that he was a subscriber to the capital stock of such corporation. *Railroad Co.* v. *Applegate*, 21 W. Va. 172. (p. 134)

Error to Circuit Court, Hampshire county.

Action by the South Branch Railway Company against Conrad Long's administrator. Judgment for defendant, and plaintiff brings error.

*Reversed.*

S. L. FLOURNOY, ROBERT WHITE and H. B. GILKESON for plaintiff in error.

R. W. MONROE for defendant in error.

McWHORTER, JUDGE :

In 1874 the South Branch Railway Company brought its action in *assumpsit* against the defendant, Conrad Long, in the Circuit Court of Hampshire county. Demurrer to the declaration was sustained by the circuit court, and the case brought to this Court on writ of error, on the hearing of which, counts one, two, five and six of the declaration were held sufficient, the judgment was reversed, and cause remanded for new trial. See *Railway Co.* v. *Long*, 26 W. Va. 692. The defendant Long having died, the action was revived and ordered to proceed in the name of John C. Heiskell, administrator of said decedent; and on the 21st day of September, 1894, the cause was tried before a jury on the plea of *non assumpsit*. The plaintiff introduced its evidence before the jury, as shown by the record, as follows : "The charter and incorporations of plaintiff company, and its amended charter by the legislature of West Virginia, as contained in the printed Acts of the Legislature of 1871 (page 121), and of 1872 (page 129) ; and the stock book and minute book of said company, with the entry in said stock book on page 19, as follows : 'Conrad Long, to shares stock, 5, 500.00.' The testimony of Robert White, former president of said company, and John C. Heiskell, former treasurer thereof, and both stockholders thereof, that said books are the stock book and minute book, respectively, of said company. And the testimony of H. B. Gilkeson, attorney of plaintiff, that he received said minute book from the secretary of said company, and said stock book either from said secretary or from said Heiskell, who was treasurer of said company; that said company was regularly organized in 1871, and its road built from Green Spring, on the Baltimore & Ohio R. R., to Romney, W. Va.; that calls upon subscribers to the capital stock of said company for payment of eighty *per cent* of their stock were legally and regularly made; that said Conrad Long said to J. W. Poling, the deputy sheriff who served the summons in this suit on him, 'Where are they going to get their money? How are they going to get it? I subscribed to a narrow-guage road, not to a broad-guage road;' that the original subscription list has been lost, and can not be found. 'The subscribers promise and bind themselves to pay into the capital stock of the South

Branch Railway Company the shares of stock, of $100 each, affixed to their names, as shall be required by the said company after its organizatian. Names: Robt. White, 5; William Taylor, 3,'"—followed by sixty-eight other subscribers to said paper, for different numbers of shares, from one up to ten and including the name of "Conrad Long, 5." Then follow a statement of assets of the company, and a recapitulation thereof. This was all the evidence introduced, none being offered on the part of the defendant. Upon this the jury rendered a verdict for the defendant, which the plaintiff moved the court to set aside, and grant it a new trial on the ground that the verdict was contrary to the law and the evidence, which motion the court overruled, and entered judgment upon said verdict, and plaintiff excepted thereto, and insisted that the court erred in refusing to set aside the verdict, and award it a new trial.

The defendant propounds the following: "Did the plaintiff produce such proof before the jury in support of its claim (that Conrad Long, by a *bona fide* subscription of five shares of stock, bound himself to pay it, the amount due on said five shares, at the time this suit was instituted) that the jury could not fairly, under its oath and its discretionary powers, do otherwise than find for the plaintiff the sum claimed in its declaration?" This proposition, I think, contains all there is in the case. Was the evidence permitted to go to the jury admissible? Section 23 of chapter 130 of the Code provides that "no party to any action, suit or proceeding, nor any person interested in the event thereof, nor any person from, through or under whom any such party or interested person derives any interest or title by assignment or otherwise, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, against the executor, administrator, heir-at-law, next of kin, assignee, legatee, devisee, or survivor of such deceased person, or the assignee or committee of such insane person or lunatic." "A witness may be competent to testify concerning some of the facts in issue, though incompetent as to others. A party to an action, or interested therein, may testify to any fact which is material in evidence, and does

not involve a personal transaction or communication with the opposing party, notwithstanding the death or insanity of the latter." 29 Am. & Eng. Enc. Law, p. 740, and cases cited ; *Hefflebower* v. *Detrick,* 27 W. Va. 16, 22.

The court refused to permit plaintiff to prove by witness Robert White, former president and stockholder of the company, the subscription of Conrad Long to the capital stock of the company, upon objection by the defendant. The books of the company were admissible as evidence before the jury, proved by witnesses White and Heiskell, former officers of said company, and H. B. Gilkeson. The subscription list seems to have been introduced without objection by the defendant, and no proof of the signature was required in the absence of a denial under oath. "When the name of an individual appears on the stock book of a corporation as a stockholder, the presumption is that he is the owner of the stock appearing in his name ; and such a book is proper evidence to go to the jury to show that he was a subscriber to the capital stock of the corporation." *Railroad Co.* v. *Applegate,* 21 W. Va. 172 ; *Turnbull* v. *Payson,* 95 U. S. 421.

The stock book of the company, which of itself is presumptive evidence of the ownership of the stock by the defendant Long, together with the testimony of the witness Poling (to say nothing of the subscription list), in my opinion, constitutes such proof "that the jury could not fairly, under its oath and its discretionary powers, do otherwise than find for the plaintiff"; there being no evidence offered by the defendant in rebuttal. It follows, therefore, that the judgment of the circuit court must be reversed, with costs to the plaintiff in error, the verdict of the jury set aside, a new trial granted the plaintiff, and the cause remanded to the circuit court of Hampshire county, for a new trial to be had therein according to the principles herein settled.

*Reversed.*