ILLINOIS STEEL COMPANY, Appellant, vs. WARRAS and wife, Respondents.

*November 15—December 7, 1909.*

*Attorney and client: Authority: Stipulations: Validity: Setting aside: Discretion: Evidence: Laws of other states: Corporations: Power to hold property: Who may object.*

1. The general retainer of an attorney in charge of litigation is sufficient to enable him in his honest judgment to control all matters of procedure in the action.

2. A stipulation in ejectment that defendant might amend his answer, without costs, after his strict right to do so had expired, and that each party might at the trial prove any title acquired after the commencement of the action, without a discontinuance and without payment of costs, amounted to a mere waiver of the procedure required by sec. 3074, R. S. 1878, and a balancing of the claims for costs (which in this case were nearly equal in amount), and was within the power of the attorneys

and binding upon the parties, irrespective of express consent or knowledge of the parties.

3. A stipulation cannot be attacked by defendant as lacking mutuality because signed for plaintiff by attorneys other than, and who had not been substituted for, the attorney who signed the summons, where it appears that the attorneys signing had, with consent of the original attorney and with knowledge of defendant's attorney, full authority from plaintiff to conduct the litigation, and had acted as his attorneys; also that the stipulation had been treated as effective by both parties and had been acted upon by defendant to his own advantage.

4. The discretion of the trial court to relieve parties from stipulations when improvident and induced by fraud, misunderstanding, or mistake, or when rendered inequitable by the development of a new situation, is a judicial discretion, to be exercised in the promotion of justice and equity. A stipulation relating to matters of procedure and having the essential characteristics of a mutual contract by which each party granted to the other a concession of some rights as a consideration for those secured, and which has been acted upon by the parties so that the *status quo* cannot be re-established as to one of them, should be set aside only in a plain case of fraud, mistake, or oppression.

5. It was not an exercise of judicial discretion to set aside a stipulation in ejectment under which defendant had been permitted to amend his answer without costs, and plaintiff was to have the right, without payment of costs, to prove title acquired after the beginning of the action, where defendant had enjoyed the rights so granted him for ten years, during which time defendant's after-acquired title was of record, and such action of the court would practically preclude the proving of such title and cause plaintiff's rights to the property to be barred by the statute of limitations.

6. In the absence of proof as to the law of another state, the court cannot take judicial notice that it differs from that of Wisconsin.

7. The objection that a corporation, foreign or domestic, has no power to hold title to property cannot be raised by a stranger claiming the property, unless, perhaps, such lack of power results from express statutory prohibition. If the acquiring of such property is merely *ultra vires*, it can be questioned only by persons directly interested in the corporation, or by the state.

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Reversed.*

Ejectment to recover certain property on Jones Island, Milwaukee, commenced February 29, 1896. Plaintiff attempted to prove title deraigned from the government patent, but dependent upon certain conveyances from the heirs of Squire Alexander, made in May and October, 1896, subsequent to the commencement of the action and both on record by January 18, 1897. Objection being raised, plaintiff offered in evidence a stipulation dated March 15, 1897, whereby defendant was granted privilege to amend his answer without costs after a further extension of time and in an irregular manner, and agreeing that each of said parties might on said trial prove any and all title acquired at any time since the beginning of the action, without a discontinuance and without the payment of costs, in the same manner and with the same effect as though a compliance with sec. 3074, R. S. 1878, had been had. This stipulation, while declaring itself to be made by John H. Paul and Van Dyke, Van Dyke & Carter, attorneys for the plaintiff, and Rublee A. Cole, as attorney for defendant, was signed only by Van Dyke, Van Dyke & Carter and Mr. Cole. On April 5th following the defendant did serve and file amendments to the answer in reliance on such stipulation, such reliance being declared in the answer, which was duly verified personally by the defendant, and the stipulation was attached to the answer so served and filed, which answer was accepted and its service duly admitted by the Van Dyke firm as attorneys for the plaintiff. The original summons and complaint were signed by John H. Paul as plaintiff's attorney, and no formal substitution or entry of appearance had been made by the Van Dyke firm, although they had acted, and signed some papers, as plaintiff's attorneys prior to March 15th, and the defendant's attorney had been informed that they were the attorneys in charge of the litigation in case any defense was interposed. Upon the claim of the defendant that he never understood this stipulation and that Mr. Cole had no express authority from him to

make it, the court upon the trial made an order setting it aside and relieving the defendant from it, whereupon he excluded all conveyances made to the plaintiff subsequent to the commencement of the action, and at the close of the plaintiff's evidence rendered judgment of nonsuit, from which the plaintiff appeals.

For the appellant the cause was submitted on the briefs of *Van Dyke & Van Dyke, John H. Paul,* and *Theodore Kronshage,* attorneys, and *Kronshage, McGovern, Goff, Fritz & Hannan,* of counsel.

For the respondents there was a brief by *Fiebing & Killilea,* attorneys, and *Moritz Wittig* and *Henry J. Killilea,* of counsel, and oral argument by *Mr. Wittig.*

Dodge, J.    The principal error assigned consists in relieving the defendant from the stipulation of March 15, 1907. That conduct is sought to be supported on the ground, amongst others, that such stipulation was beyond the power of the defendant's attorney.    The powers of attorneys at law in charge of litigation are very broad, and while it may be that the general retainer is not sufficient to authorize an absolute surrender of substantive property rights which the attorney is employed to establish and enforce (*Fosha v. O'Donnell,* 120 Wis. 336, 97 N. W. 924), still it is and must be sufficient to enable the attorney in his honest judgment to control all matters of procedure in the action brought for such enforcement. Weeks, Attorneys (2d ed.) § 221; *Read v. French,* 28 N. Y. 285, 293.    In this case the plaintiff had a clear and absolute right by statute (sec. 3074, R. S. 1878) to make proof of title and right to possession acquired subsequent to the commencement of the action, upon payment of the costs accrued up to the time of claiming such right, and, probably, upon some form of procedure sufficient to fairly notify defendant. Whether such procedure should be by notice, by application to the court, or by supplemental pleading is not now material

to declare.   The effect of the stipulation as against defendant
was merely to waive such procedure and such payment of
costs in consideration, however, of plaintiff's waiver in the
same stipulation of the right to insist on costs, in the discre-
tion of the court, to be paid by defendant upon the granted
privilege of amending his answer after his strict right so to do
had expired.   The defendant's costs, accrued up to the time
of the stipulation, were obviously trifling.   Substantially
nothing had been done by the defense in the suit except to re-
tain Mr. Cole and to serve an answer.   We cannot doubt that
such mere matter of procedure and of the balancing of claims
to costs, especially where, as here, they must have been so
nearly equal in amount, is within the power of the attorney at
law employed to conduct the litigation, nor that his acts in
such regard are binding upon his client independently of any
express consent or even knowledge or understanding by the
latter, and may safely be relied on by the antagonist and the
court.   *Walker v. Rogan,* 1 Wis. 597; *Clason v. Shepherd,*
10 Wis. 356; *Beach v. Beckwith,* 13 Wis. 21; *Blomberg v.*
*Stewart,* 67 Wis. 455, 30 N. W. 617; *Bingham v. Winona*
*Co.* 6 Minn. 136; *Emmons v. N. Y. & E. R. Co.* 17 How.
Pr. 490; *In re Maxwell,* 66 Hun, 151, 21 N. Y. Supp. 209;
*Leahy v. Stone,* 115 Ill. App. 138.

A contention is made, somewhat ambiguously, that the stip-
ulation never came into effect or that it lacks mutuality, be-
cause not signed by John H. Paul, the attorney who signed
the summons and for whom no substitution had been made.
There are two answers to this contention: First, that it is
fully established that the firm of Van Dyke, Van Dyke &
Carter, with consent of Mr. Paul, had full authority from the
plaintiff as its attorneys to conduct the litigation, and that
defendant's attorney knew it; also that said firm had already
taken some steps, and executed certain papers, in the proce-
dure of the case as attorneys for plaintiff.   *Walker v. Rogan,*
*supra; King v. Ritchie,* 18 Wis. 554.   Further, the stipula-

tion was treated as effective by both parties and was acted upon by the defendant promptly to his own advantage, for he exercised the right therein granted to file his amended answer without any application to the court and without payment of any costs, expressly declaring in said answer that it was so served and filed by virtue of the stipulation. Such right was recognized by the plaintiff as having been accorded by the stipulation. In such situation there can, of course, be no doubt either of the mutuality or completeness of the agreement.

The court, however, set the stipulation aside upon the expressly stated ground that on the defendant's part it had been improvidently made. We confess our inability to discover any improvidence. Beyond doubt, it was fully understood by defendant's attorney who was intrusted with discretion to make it. As already stated, it granted no new right to the plaintiff except absolution from a small amount of costs, and did that in acquisition to defendant of certainty of right to amend the answer without difficulty or formality, which at the time was at most a mere conditional privilege resting in the discretion of the court, upon the granting of which costs might properly have been imposed upon him. When to that is added the fact that defendant exercised the right so granted to him by the stipulation after due period for reflection and has rested upon that right for some ten years, we feel no hesitation in declaring the finding of improvidence in antagonism to all the disclosed facts.

While we of course recognize broad discretion in trial courts to relieve parties from stipulations and admissions when improvident and induced by fraud, misunderstanding, or mistake, or rendered inequitable by the development of a new situation, as in *Brown v. Cohn,* 88 Wis. 627, 636, 60 N. W. 826, yet that is a judicial discretion to be exercised in promotion of justice and equity and not in subversion thereof. Stipulations differ in their character. Some are mere admissions of fact simply relieving a party from the inconvenience

of making proof, and the setting aside thereof may place the parties in no worse position than they were when the stipulation was made.   The agreement under consideration, on the contrary, was in all essential characteristics a mutual contract by which each party granted to the other a concession of some rights as a consideration for those secured.   Such a contract is entitled to all the sanctity of any other, and when on the faith of it the parties have so acted in execution thereof that the *status quo* cannot be re-established as to one of them, it is only in a plain case of fraud, mistake, or oppression that the court should set it aside.   Especially impregnable is such a contract when the one party thereto has received and enjoyed the fruits thereof, and the other, on the faith of it, has so changed his situation that he will be seriously and irremediably prejudiced.   *Burnham v. Smith,* 11 Wis. 258; *Blomberg v. Stewart,* 67 Wis. 455, 30 N. W. 617; *Brown v. Cohn,* 88 Wis. 627, 637, 60 N. W. 826; *Garvin v. Crowley,* 116 Wis. 496, 93 N. W. 470; *Schroeder v. Klipp,* 120 Wis. 245, 97 N. W. 909; *Washburn v. Lee,* 128 Wis. 312, 107 N. W. 649; *Rogers v. Greenwood,* 14 Minn. 333; *Keogh v. Main,* 52 N. Y. Super. Ct. 160; *Slaven v. Germain,* 64 Hun, 506, 19 N. Y. Supp. 492; *Smith v. Barnes,* 9 Misc. 368, 29 N. Y. Supp. 692; *Thompson v. Ft. W. & R. G. R. Co.* 31 Tex. Civ. App. 583, 73 S. W. 29.   In the instant case, as stated, defendant for ten years has enjoyed the rights granted him by the stipulation, during which time the conveyances now excluded have been of record.   On the other hand, plaintiff, in reliance on the stipulation, has forborne to exercise its right under sec. 3074, which existed at the time of the making of the stipulation, and now cannot exercise it except by complying with that statute in paying all costs now accrued, which, obviously, from the record before us, are large in amount, probably approximating the value of the property in controversy.   Further, as a result of the court's action in setting aside the stipulation and nonsuiting the plaintiff, its right, if any, in the property would become barred by statute of limitations pre-

cluding a new action.   Such a result is grievously inequitable, and we are constrained to declare the action of the trial court so in disregard of mutual equities as not to constitute an exercise of judicial discretion, but to be arbitrary and unreasonable and therefore erroneous.

It is urged that, even were the stipulation not set aside, the judgment of nonsuit was proper because the plaintiff, being an Illinois corporation, is not competent to acquire or own this real estate, the law of Illinois not according such a corporation power to hold real estate beyond the needs of its general business.   This contention might well be answered by the consideration that defendant has not proved the law of Illinois, and we cannot take judicial notice that it differs from that of Wisconsin.   But a more complete answer is that inability of a corporation, foreign or domestic, to acquire title to any property cannot be raised by a stranger claiming the property unless, perhaps, such inability results from express statutory prohibition.   Such merely *ultra vires* acts can be questioned only by persons directly interested in the corporation, or by the state, whose charter and franchises are exceeded or abused.   *John V. Farwell Co. v. Wolf,* 96 Wis. 10, 70 N. W. 289, 71 N. W. 109; *Att'y Gen. ex rel. Askew v. Smith,* 109 Wis. 532, 541, 85 N. W. 512; *Security Nat. Bank v. St. Croix P. Co.* 117 Wis. 211, 217, 94 N. W. 74; *Cowell v. Springs Co.* 100 U. S. 55; *Christian Union v. Yount,* 101 U. S. 352; *American B. Soc. v. Marshall,* 15 Ohio St. 537.

No question is raised or decided whether the excluded deeds, if in evidence, would *prima facie* establish title in plaintiff to the parcel in controversy.   The rulings of the trial court are considered on the hypothetical assumption that they would do so, apparently made both by that court and by counsel here.   The confusion of descriptions, and perhaps of grantors, is such that we should not undertake analysis of the surveys or the chain of title in absence of discussion.

*By the Court.*—Judgment reversed and cause remanded for a new trial.