Argued January 28, decided February 11, 1913.

### COLLIS v. CONE.

(129 Pac. 753.)

**Trial—Waiver of Errors and Irregularities.**

In an action for the possession of land, where the parties waived a jury, and, to avoid the necessity of making formal findings of fact, agreed, in open court, that the court might prepare a verdict, have it signed by a bystander, and make the record as if the trial had been had with a jury, the failure of the trial judge

to make findings of fact was not reversible error, since the statutory provision requiring him to make findings of fact is for the benefit of the aggrieved party on appeal, and may be waived by him.

From Tillamook: George H. Burnett, Judge.

Statement by Mr. Justice Eakin.

An action was commenced in the circuit court by E. H. Collis, A. Bonham and Kate Bonham, against W. S. Cone and Mary J. Cone for the recovery of possession of a tract of land in Tillamook County, Oregon; plaintiffs alleging that they are the owners and entitled to the possession thereof, and that the defendants are in possession and wrongfully withholding the property from plaintiffs. Defendants admit that they are in possession of the property, but deny every other allegation of the complaint, and allege title thereto by virtue of the tax sale, and, as a second defense, allege that they have been the owners and in possession of the premises since November, 1909. Thereafter plaintiffs filed a supplemental complaint, alleging that since the filing of the complaint defendants have been attempting to dedicate portions of the premises above mentioned to public use, and have dug up the soil and graded streets thereon, to plaintiffs' damage in the sum of $250. The record shows that the trial was had before the jury, and a verdict duly rendered in favor of plaintiffs, finding that they are the owners in fee simple and entitled to the immediate possession of an undivided one-third of the property; that the defendants are the owners in fee simple and entitled to the immediate possession of an undivided two-thirds thereof; and that plaintiffs have been damaged in the sum of $5. Said verdict was signed, "Wm. D. Bodyfelt, Foreman." Judgment was rendered accordingly. Thereupon plaintiffs filed a motion for a new trial, which on November 21, 1910, was denied and plaintiffs were given until December 12th in which

to serve and file a bill of exceptions. However, no bill of exceptions was filed. After the appeal was taken, namely, about November 14, 1911, plaintiff filed a motion for the entry *nunc pro tunc* of an order to make the record conform to the facts, said motion being heard upon affidavits of the parties, their attorneys, and others, upon which motion the court entered an order to the effect that, "it appearing to the court that prior to the trial of said cause it was agreed in open court, in the presence of the parties, plaintiffs and defendants herein, by the attorneys of record for said parties plaintiffs and defendants, that said cause should be tried by the court without a jury, but that the record should be made as if the trial had been had with a jury, and after trial thereof the court should prepare a verdict and have the same signed by a bystander, so that it would be in the form of a verdict of a jury, duly signed by its foreman and returned by such jury and received by the court as the verdict thereof, and that judgment should be entered thereon as upon a verdict of a duly chosen, impaneled, sworn, and qualified jury, * * and it appearing to the court that the foregoing does not otherwise appear in the record of this court, it is therefore ordered that said motion of plaintiffs be sustained, and, in order that the record of this cause may be corrected to conform to and disclose the facts as herein stated, it is hereby further ordered that the record of this order be made in the journal of the said court as of the date prior to the trial of said cause." It appears from the affidavits of the attorneys for the respective parties that when the case was called for trial the plaintiffs E. H. Collis and A. Bonham, together with their attorneys, and the defendant W. S. Cone, and the attorneys for the defendants, were present in court; that the parties thereupon, in open court, agreed that the case might be tried by the court without the intervention of a jury; that the judge then

stated that he would not so try the case, unless the same would be tried and a verdict prepared and signed by some one to be selected by the court in the same manner and form as though a jury had been impaneled and sworn, and that the same should appear upon the records of the court in every respect as though a jury had been regularly impaneled and sworn to try the cause; that said statement was made by the court in open court, in the presence and hearing of all of the parties then present, including all of the plaintiffs except Kate Bonham. The judge stated that, unless it were agreed to try said cause in said manner, he would require that the same be tried by a jury. The trial in the manner suggested by the judge was agreed to, and the same was tried according to said agreement. The plaintiffs appeal. Appellants' attorney here was not the attorney representing them in the circuit court.          AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. Henry M. Esterly.*

For respondents there was a brief over the names of *Mr. H. T. Botts* and *Mr. T. H. Goyne,* with an oral argument by *Mr. Goyne.*

MR. JUSTICE EAKIN delivered the opinion of the court.

The only contention urged by the plaintiffs is that, by reason of the irregularity of the proceedings, the judgment should be reversed and remanded for a new trial, because the court did not make findings of fact. Without appearing to approve or indorse the irregularity of the proceedings had, we find that the judgment should be affirmed. It appears that the divergence from the regular form of procedure at the trial was agreed to by the attorneys in the presence of their clients, and it was done for the benefit of the parties, and to avoid the necessity of making formal findings of fact. We think that the parties should be bound by the result, if, by

stipulation or agreement of the parties in a law case tried by the court, the making of findings by the court may be waived. They agreed in open court that the proceeding followed might be adopted to relieve the court of the time and labor of making findings, thereby inducing the court to take up the trial of the case. No wrong is complained of, other than as plaintiff's remedy upon appeal is affected.

The provision of the statute that, in all actions tried by the court without the intervention of a jury, the decision shall state the facts found and the conclusions of law separately, without argument or reason therefor, is a provision for the benefit of the aggrieved party. Baylies' Trial Practice, p. 279. And the rule is that any matter that involves the individual rights of parties to a cause may properly be made the subject of a stipulation between them. They may, by a stipulation, waive the benefit of a statutory or constitutional provision, rule of law, or any irregularities. 36 Cyc. 1285; Baylies' Trial Practice, p. 281; *Smith* v. *Rowley,* 66 Barb. (N. Y.) 502. In legal proceedings parties are held by particular conduct or admissions conclusively to have waived rights which otherwise they might have insisted upon. If jurisdiction to act exists, and the only objection to its exercise is one intended for the protection of the party complaining thereof, such right may be waived. Thompson, Trials, Section 1438. This right to waive a rule of law or a constitutional provision enacted for his benefit or protection may be waived, where it is exclusively a matter of private right and does not involve questions of· public policy, or morals; and, having once waived it, he cannot invoke its protection. 20 Pl. & Pr., p. 607; *Sentenis et al.* v. *Ladew et al.,* 140 N. Y. 466 (35 N. E. 651: 37 Am. St. Rep. 571) ; *Bank of Ravenswood* v. *Hamilton et al.,* 43 W. Va. 78 (27 S. E. 297) ; *In re Cooper,* 93 N. Y. 507; *Lee* v. *Tillotson,* 24 Wend. (N. Y.)

337 (35 Am. Dec. 624). Where parties stipulated that the court's decision should be expressed in a verdict, for the purpose of relieving the court of the necessity of making formal findings, it was in effect an agreement that findings should not be required or made. The stipulation necessarily operated as a waiver of the findings, and took the case out of the statute. *Blomberg* v. *Stewart*, 67 Wis. 455 (30 N. W. 617).

We find that there was no error committed by the trial court of which plaintiffs can complain. The judgment is affirmed.                                    AFFIRMED.

MR. JUSTICE BURNETT took no part in this decision.